The opinion of the Court was delivered by
Dunkin, Ch.
The principal object of this bill was to set aside for fraud, a deed of gift of a tract of land and two slaves, from Mary Ford, deceased, to her son, (one of the defendants,) Morton Ford. The deed bears date November 4, 1848, and was recorded in the office of the Register of Mesne Conveyances *350 for Colleton district, on the 17th of February, 1849. Mary Ford died during the month of February, 1849. Her son, Morton Ford, remained in possession until 4th November, 1850, when the land was sold as his property by the sheriff of Colle-ton district, under executions against him, and purchased by the defendant, Christian Rumph, who holds the conveyance from the sheriff. The complainants are two of the heirs at law of Mary Ford, deceased, and they pray that the deed from Mary Ford may be set aside; that the two slaves may be held part of her estate, and that a writ of partition may issue to divide the land. The bill is taken pro confesso against Morton Ford. But the other defendant, C. Rumph, denies all knowledge of the fraud, if any existed, or any notice of complainants’ claim, and insists on his exclusive right to the land under the purchase from the sheriff.
By the decree of the Circuit Court, the deed was set aside, the defendant, Morton Ford, ordered, to account for the slaves and their hire ; and a writ of partition of the land was directed to issue. From this decree, the defendant, Christian Rumph; alone has appealed.
In considering the case of this defendant, the Court deems it unnecessary to review the evidence, or to express any opinion upon the inference deduced from it. The defendant is in possession of a tract of land, to which he claims to hold an exclusive title as his freehold. No fiduciary relation exists, oris charged to exist, between the complainants and himself. As no bill will lie for the possession of lands, so where the Court has jurisdiction of the subject matter, as in cases of dower, of injunction to stay waste, or of partition, and the title to the land is involved, it is the approved practice of this Court not to determine upon the title, but to leave or send that matter to a jury, by directing an action at law, or ordering an issue. 1 Story, Eq. § 72. The subject is fully discussed by Sir William Grant, in Jones vs. Jones, 3 Meriv. 161.
It is ordered and decreed, that an issue at law, in the nature of an action to try title, be made up bet ween the complainants *351 and the defendant, Christian Rumph, in which the complainants shall be the plaintiffs, and the defendant, C. Rumph, shall admit ouster; that the issue be tried in the Court of Common Pleas for Colleton district, and that the presiding Judge be respectfully-requested to certify the verdict to the Court of Chancery for said district, at the sittings nest thereafter; and it is finally ordered and decreed, that so much of the Circuit decree as affects the claim of the defendant, Christian Rumph, be set aside.
Dargan and Wardlaw, CC., concurred.
Johnston, Ch., absent at the hearing.

Issue ordered. •